**Exhibit A**

# 10/12/2017
# 17cv317309
## COMPLAINT FOR BREACH OF CONTRACT

CHRISTIAN E. PICONE, CA STATE BAR NO. 218275
MICHAEL J. CHENG, CA STATE BAR NO. 244414
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
christian.picone@berliner.com
michael.cheng@berliner.com

ATTORNEYS FOR PLAINTIFF PACE ANTI-PIRACY, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

CIVIL-UNLIMITED JURISDICTION

17CV317300

| | |
|---|---|
| PACE ANTI-PIRACY, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> INSIDE SECURE, a French legal entity, INSIDE SECURE CORP., a Delaware corporation, and DOES 1-20, inclusive, <br><br> Defendants. | CASE NO. _____ <br><br> COMPLAINT FOR BREACH OF CONTRACT |

Plaintiff PACE ANTI-PIRACY, INC. alleges as follows:

### PARTIES

1. Plaintiff PACE ANTI-PIRACY, INC. ("Plaintiff") is, and at all times mentioned herein was, a corporation organized under the laws of the State of California, validly existing and in good standing with a principal place of business at 1860 South Bascom Avenue, Campbell, California, 95008.

2. On information and belief, the Defendant, INSIDE SECURE ("Inside Secure FR") is, and at all times mentioned herein was, a French corporation doing business in California.

-1-

COMPLAINT FOR BREACH OF CONTRACT

3.     On information and belief, the Defendant INSIDE SECURE CORP. ("Inside Secure US"), is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business at 3031 Tisch Way, Suite 701, San Jose, California 95128, doing business in California.

4.     On information and belief, on or about December 6, 2010, Inside Secure FR changed its name to its present name from its previous name of INSIDE Contactless Corporation.

5.     On information and belief, on December 23, 2010, Inside Secure US changed its name to its present name from INSIDE Contactless Corporation.

6.     On information and belief, Inside Secure FR and Inside Secure US are the same entity (hereinafter collectively "Defendant").

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-20, inclusive, are presently unknown to Plaintiff, and Plaintiff therefore sues said Defendants under such fictitious names, and will amend this Complaint to insert the names and capacities thereof when the same have been ascertained. Plaintiff alleges on information and belief that each Defendant designated herein as a Doe is responsible in some manner for the acts or obligations sued upon herein.

8.     Plaintiff is informed and believes, and based thereon alleges, that each and every Defendant designated herein as a Doe was the principal, agent, servant, employee, joint venture, and/or predecessor or successor in interest of each and every remaining Defendant, and in doing the acts alleged herein was acting within the course and scope of such agency, servitude, employment, partnership, joint venture, and/or predecessor or successor relationship, and with the express knowledge and consent of each and every remaining Defendant.

## VENUE AND JURISDICTION

9.     Venue is proper in this Court because the acts, omissions, and damages complained of herein occurred in Santa Clara County, and the contract (as described below) that is the subject of this action was entered into and was performed in Santa Clara County.

10. Venue as well as jurisdiction is also proper in this Court because under the aforementioned contract the parties thereto (and Defendant, as a successor in interest) agreed that any dispute regarding this contract shall be subject to the exclusive jurisdiction of Santa Clara County and that the parties thereto agree to submit to the personal and exclusive jurisdiction and venue of the courts of Santa Clara County.

11. The relief sought herein is for specific performance to enforce Plaintiff's contractual rights to receive source code and build files (defined *infra*), and thus this matter is properly designated as a case of Unlimited Jurisdiction.

12. Plaintiff has sustained damages in an amount to be proven at trial and in an amount greater than $35,000, and thus this matter is properly designated as a case of Unlimited Jurisdiction.

## GENERAL ALLEGATIONS

13. Plaintiff services its clients by providing anti-piracy protection to prevent the unauthorized distribution of software and intellectual property.

14. Defendant services its clients by providing software, tools, and know-how to protect their software and other digital content.

15. Nonparty Metaforic, Inc. ("Metaforic") is, for all intents and purposes relating to this lawsuit, Defendant's predecessor in interest who, prior to being acquired by Defendant, developed and offered software that provided security and intellectual property services.

16. On or about April 30, 2010 Plaintiff and Metaforic entered into a written licensing agreement (the "Agreement") under which Plaintiff was granted a license to use, copy, and distribute Metaforic's software in object code form in exchange for payment of license fees and royalties. Pursuant to the Agreement Plaintiff paid Metaforic $150,000.00 per year in license fees as well as a $20,000.00 evaluation fee.

17. The Agreement states that in any action or proceeding to enforce each party's rights thereunder, the prevailing party shall be entitled to recover costs and attorneys' fees.

18. On November 30, 2010 Plaintiff and Metaforic entered into a written addendum ("Addendum One") to the Agreement under which, among other things, Plaintiff's clients were

permitted to use Metaforic's fix up tools and also increased Plaintiff's license fees by $50,000.00. Addendum One made additions to the Agreement and reiterated that all other terms and conditions of the Agreement were to remain in force.

19. On or about April 26, 2012 Plaintiff and Metaforic entered into a second addendum ("Addendum Two") to the Agreement, under which, among other things, Plaintiff and Metaforic agreed that Metaforic's White Box Crypto technology would be provided to Plaintiff in exchange for an annual subscription fee of $50,000.00. Addendum Two made additions to the Agreement (including the prior addendum) and reiterated that all other terms and conditions of the Agreement were to remain in force. However, Metaforic was unable to deliver White Box Crypto to Plaintiff so the parties did not complete Addendum Two.

20. On December 28, 2012 Plaintiff and Metaforic entered into a third addendum ("Addendum Three"). Pursuant to Addendum Three Plaintiff and Metaforic agreed to an additional one-time fee of $475,000, and under Section 2(h)(i) of Addendum Three Metaforic agreed to deliver to Plaintiff the Source Code (defined in Addendum Three as source code and associated build files necessary to build a release copy of software provided under the Agreement and Addendum One and Addendum Two) and subsequent source code drops after each major release point. Addendum Three made modifications to the Agreement (including prior addendums) and reiterated that all other terms and conditions of the Agreement that were not inconsistent with Addendum Three were to remain in force.

21. The basic distinction between source code and object code, with respect to a software program, is that source code is written by a person using computer language in the form of text and inputted into a complier whereas object code is the corresponding machine readable output in binary numbers. A party that does not possess a program's source code is unable to accordingly modify or update the program (e.g., in the event that a vulnerability in the program is discovered or exploited).

22. On April 7, 2014 Defendant announced that it acquired Metaforic, and subsequently on March 12, 2015 Defendant informed Plaintiff that the Agreement, including

Addendum One, Addendum Two, and Addendum Three, was assigned to Defendant in connection with Defendant's acquisition of Metaforic.

23. On or around June 30, 2015 Plaintiff and Defendant executed the Fourth Amendment to License Agreement ("Amendment Four") under which Defendant, in exchange for payment of additional license fees, support fees (including for non-recurring engineering services) and royalties, agreed to amend the Agreement by including the Metaforic WhiteBox SDK program as part of the software covered under the Agreement, including Addendum One, Addendum Two, and Addendum Three.

24. The Fourth Amendment provided that the terms of the Agreement remained in full force and effect unless the terms of the Fourth Amendment expressly supersede the provisions of the Agreement or the terms of the Fourth Amendment expressly conflict with the terms of the Agreement.

25. On or about March 31, 2016 Plaintiff and Defendant executed the Fifth Agreement to the License Agreement ("Amendment Five") under which Plaintiff paid Defendant another non-recurring engineering services fee in exchange for said non-recurring engineering services and certain deliverables that would be part of all software that was licensed to Plaintiff pursuant to the Agreement, including Addendum One, Addendum Two, Addendum Three, and Amendment Four.

26. The Fifth Amendment provided that the terms of the Agreement remained in full force and effect unless the terms of the Fifth Amendment expressly supersede the provisions of the Agreement or the terms of the Fifth Amendment expressly conflict with the terms of the Agreement.

27. After signing Amendment Five, Plaintiff learned of a significant security breach with respect to the software licensed from Defendant which allowed hackers to bypass the intended security measures of said software. Plaintiff also learned of significant bugs that rendered the licensed software unusable.

28. On or about October 28, 2016 Plaintiff informed Defendant of the security breach by providing sample code and analysis of the hack, but Defendant failed to take any significant action, commercially reasonable or otherwise, to remedy the security breach.

29. Defendant has also failed to deliver to Plaintiff the source code or the associated build files for the Metaforic WhiteBox SDK program.

30. On September 6, 2017 Plaintiff sent written notice to Defendant regarding the aforementioned security breach and failure to deliver the source code and demanded cure within 30 days therefrom.

31. Defendant has failed, and continues to fail, to use any commercially reasonable efforts to remedy the aforementioned security breach.

32. Defendant has also refused, and continues to refuse, to deliver the source code or its associated build files for the Metaforic WhiteBox SDK program.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

33. Plaintiff hereby incorporates Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

34. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement, as well as all addendums and amendments thereto.

35. Pursuant to the Agreement (including all addendums and amendments thereto) Defendant was required to use commercially reasonable efforts to remedy any security breaches of the software that has been licensed to Plaintiff.

36. Defendant breached the Agreement by failing to use commercially reasonable efforts to remedy the security breach of the software licensed to Plaintiff, despite receiving notice of the security breach.

37. As a result of the aforementioned breaches Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

38. Plaintiff hereby incorporates Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

39. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement, as well as all addendums and amendments thereto.

40. Defendant breached the Agreement (including Addendum Three and Amendment Four) by failing to deliver the source code as well as the associated build files for the Metaforic WhiteBox SDK program.

41. As a result of the aforementioned breaches Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For specific performance, namely the delivery of the source code and associated build files for the Metaforic WhiteBox SDK program;

2. For compensatory damages in the sum to be determined at trial;

3. For prejudgment interest as provided by law;

4. For attorneys' fees as provided by the Agreement;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED: OCTOBER 12, 2017

BERLINER COHEN, LLP

BY: _____
CHRISTIAN E. PICONE
MICHAEL J. CHENG
ATTORNEYS FOR PLAINTIFF
PACE ANTI-PIRACY, INC.

-7-

COMPLAINT FOR BREACH OF CONTRACT

THE FOREGOING INSTRUMENT IS
A CORRECT COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

NOV 2 1 2017

Clerk of the Court
SUPERIOR COURT OF CA COUNTY OF SANTA CLARA

BY _Jude Trazo_ DEPUTY
Jude Trazo

10/12/2017
17cv317309
ISSUED SUMMONS

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** INSIDE SECURE, A FRENCH LEGAL
*(AVISO AL DEMANDADO):* ENTITY, INSIDE SECURE CORP., A
DELAWARE CORPORATION, AND DOES 1-20, INCLUSIVE,



FILED
2017 OCT 12 P 3:09
SUPERIOR COURT
COUNTY OF...
BY
S. Alvarez

**YOU ARE BEING SUED BY PLAINTIFF:** PACE ANTI-PIRACY, INC.,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* A CALIFORNIA
CORPORATION,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 NORTH FIRST STREET
SAN JOSE, CA  95113
CIVIL-UNLIMITED JURISDICTION

CASE NUMBER: *(Número del Caso)* 17CV317302

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHRISTIAN E. PICONE, CSB#218275                408-286-5800        FAX 408-998-5388
MICHAEL J. CHENG, CSB#244414
BERLINER COHEN, TEN ALMADEN BOULEVARD, SUITE 1100
SAN JOSE, CA  95113

DATE:                                       Clerk, by _____S. Alvarez_____, Deputy
*(Fecha)*   OCT 12 2017                     *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, *(POS-010)*).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

THE FOREGOING INSTRUMENT IS
A CORRECT COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

NOV 2 1 2017

Clerk of the Court
SUPERIOR COURT OF CA COUNTY OF SANTA CLARA
BY _____ DEPUTY
Jude Trazo